UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONIQUE DRAGOIU,

       Plaintiff,       CIVIL ACTION NO. 09-CV-12454-DT

vs.

                      DISTRICT JUDGE DAVID M. LAWSON

HUD,                 MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:**    The Motion to Dismiss filed by Defendant HUD (docket no. 5) should be **GRANTED**, and this action should be dismissed without prejudice.

**II.**    **REPORT:**

This matter comes before the Court on the Motion to Dismiss filed by Defendant HUD. (Docket no. 5). Plaintiff has responded. (Docket no. 6). This action has been referred for all pretrial matters. (Docket no. 3). The Court dispenses with oral argument on this motion. E.D. Mich. LR 7.1(e). Defendant HUD's motion is now ready for ruling.

    **A.**    **Facts and Claims**

Plaintiff is proceeding *pro se* and has filed a two-page Complaint alleging that Defendant HUD committed fraud and intentionally concealed extensive flooding to her house which occurred when the home was under the control of Defendant. (Docket no. 1). According to Plaintiff, HUD improperly winterized the house and failed to properly check on the property which resulted in the flooding. (*Id*.). This has resulted in the growth of toxic mold in the home. (*Id*.). Plaintiff further

alleges that she and her family have suffered from extensive health problems due to the toxic mold in the house.  Plaintiff's Complaint does not state under what law Plaintiff is proceeding, however she attaches an administrative claim she submitted to the Federal Tort Claims Center on May 14, 2009.  (*Id*. at 3).  Plaintiff is therefore apparently proceeding under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680.  Plaintiff's Complaint also does not state the relief requested.  However, Plaintiff asks for damages in Plaintiff's administrative claim and on the civil cover sheet.  (*Id*. at 3, 48).

Defendant moves to dismiss Plaintiff's Complaint without prejudice because Plaintiff has failed to properly exhaust her administrative remedies under the Federal Tort Claims Act.  (Docket no. 5).  Defendant argues that without such exhaustion, this Court lacks subject matter jurisdiction.  (*Id*.).

**B.     Standard**

Dismissal under Fed. R. Civ. P. 12(b)(1) is appropriate when the court lacks subject matter jurisdiction.  "Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion."  *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

**C.     Analysis**

The Federal Tort Claims Act bars a plaintiff from suing the United States in federal court until the plaintiff has exhausted her administrative remedies.  28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 107 (1993).  Such exhaustion is a condition precedent to a federal court exercising jurisdiction over an FTCA suit.  *McNeil*, 508 U.S. at 112; *Singleton v. United States*, 277 F.3d 864, 872-73 (6th Cir. 2002).  Actions filed prematurely under the FTCA must be dismissed for

lack of subject matter jurisdiction in order to allow a plaintiff to exhaust her administrative remedies. *McNeil*, 508 U.S. at 113; *Givens-Jones v. United States*, 2008 WL 1766673, slip op. at *2 (E.D. Mich. Apr. 15, 2008). An agency must dispose of an administrative claim within six months of presentment of the claim or the claimant may deem the claim to be denied. 28 U.S.C. § 2675(a).

Plaintiff shows that she filed an administrative claim for damages based on the allegations in her Complaint. (Docket no. 1 at 3). However, she filed the claim on May 14, 2009. (*Id.*). The six-month period that the United States is given under section 2675(a) to dispose of the claim has not yet expired. In addition, the United States presents the affidavit of Miniard Culpepper, the Regional Counsel for the New England Region for the United States Department of Housing and Urban Development (HUD), who states that there has not yet been a final disposition made on Plaintiff's claim. (Docket no. 5 ex. 2). Plaintiff has failed to show that she made another administrative filing which could have exhausted her administrative remedies.

This action is therefore premature because Plaintiff has not yet exhausted her administrative remedies on the facts alleged in her Complaint. This action should be dismissed without prejudice to allow Plaintiff to properly exhaust her administrative remedies. *See Givens-Jones*, 2008 WL 1766673.

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 15, 2009         s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Monique Dragoiu and Counsel of Record on this date.

Dated: September 15, 2009         s/ Lisa C. Bartlett
                                  Courtroom Deputy