UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONIQUE DRAGOIU,

        Plaintiff,

v.

        Case Number 09-12454
        Honorable David M. Lawson
        Magistrate Judge Mona K. Majzoub

THE UNITED STATES DEPARTMENT
OF HOUSING AND URBAN
DEVELOPMENT,

        Defendant.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, AND
GRANTING DEFENDANT'S MOTION TO DISMISS**

The plaintiff filed a *pro se* complaint in this Court alleging that she purchased a house from the United States Department of Housing and Urban Development (HUD), which was considerably less commodious than as first appeared. She contends that the house suffered extensive flood damage, which was concealed by the defendant's fraud. The case was referred to Magistrate Judge Mona K. Majzoub to conduct all pretrial proceedings. Last September, following the government's motion to dismiss, Judge Majzoub filed a report recommending that the case be dismissed for want of subject matter jurisdiction because the plaintiff failed to exhaust her administrative remedies under the Federal Tort Claims Act (FTCA), which is a prerequisite for bringing suit against the government. The plaintiff filed timely objections to the report contending that she sent two letters to HUD that ought to function as the equivalent of an administrative claim. The magistrate judge did not consider these letters, which was error, but the Court still lacks subject matter jurisdiction because the "claims" were never denied and the required time did not pass before the lawsuit was

commenced. Therefore, the Court will overrule the objections, adopt the recommendation, grant the government's motion to dismiss, and dismiss the case without prejudice.

I.

The plaintiff alleges in her *pro se* complaint filed June 22, 2009 that she purchased her home from HUD, and before the purchase HUD was negligent in winterizing and maintaining the house. She contends that the house was flooded and HUD fraudulently concealed the damage from her. According to the plaintiff's complaint, HUD left the house flooded during the spring and summer of 2004 and then drained the water and removed everything that showed water damage before it sold the home to the plaintiff. The plaintiff alleges that the flooding created a "deadly mycotoxic environment," which has allegedly been proven by extensive testing. As a result, the plaintiff says that she and her family, which consists of her husband and two young children, suffer from asthma, chronic bronchitis, bleeding, swelling, headaches, nausea, precancerous conditions, emotional distress, and neurological and immunological damage. The plaintiff further states that contractors have complained to them about illnesses. The plaintiff has "maxxed [sic] out all credit cards tearing this house to the studs, to rebuild only to find the mycotoxic molds remain . . . ." Compl. at 2.

The plaintiff allegedly has "been in constant contact with HUD from the start on a weekly basis," but HUD has done nothing. *Ibid*. The plaintiff alleges that Legal Aid would not help her and that she and her husband cannot afford an attorney. She says that she and her family are forced to vacate the property, and she seeks damages for her family's injuries. The plaintiff attached several items to her complaint: (1) a March 31, 2009 demand letter to HUD mailed on her behalf by a lawyer, Christopher Bowman, which explained the situation and the condition of the house and its residents, provided air-quality test results, informed HUD that a water bill from May of 2004 (when

HUD owned the property) exceeded $2,500, requested that HUD repurchase the house for $124,970, and suggested a settlement in the amount of $200,000, which would cover some medical expenses; (2) a letter of intent to settle the claim by receiving $500,000 in damages and having Freddie Mac repurchase the house; (3) photos of the house; (4) the sales contract between HUD and the plaintiff; (5) a series of bills; (6) lab reports concluding that unusual mold conditions exist in the house; and (7) medical documents and a doctor's note saying that mold is present in the house and the plaintiff should be removed from the home immediately.

The plaintiff states in her objections to Judge Majzoub's report that she mailed the letter of intent (item 2, above) to HUD on February 25, 2009, and apparently attorney Bowman mailed the demand letter (item 1, above) on March 29, 2009. On May 14, 2009, the plaintiff submitted a Standard Form 95, which customarily is used to present an administrative claim under the FTCA, *see* 28 U.S.C. § 2675; she filed her complaint on June 22, 2009. Attached to the defendant's motion to dismiss was a declaration from Miniard Culpepper, the HUD Regional Counselor who supervises the review and processing of FTCA claims against HUD. Mr. Culpepper stated that the plaintiff filed a claim on May 14, 2009 and HUD had not made a final disposition denying the plaintiff's claim as of the date of the declaration, which is August 17, 2009.

The magistrate judge recommended that the Court grant the defendant's motion to dismiss the case without prejudice. Although the plaintiff did not state what cause of action she was pursuing, the magistrate judge (and the defendant) presumed that the plaintiff was proceeding under the FTCA, which was reasonable since suits against the government are barred by the doctrine of sovereign immunity unless the government consents to be sued, as it has in the FTCA. The magistrate judge concluded that the plaintiff failed to exhaust her administrative remedies as

required under the FTCA because HUD did not issue a final disposition on her claim, and she could not deem her claim to be denied because six months had not passed between the time she filed her May 14 administrative claim and her June 22 complaint. It does not appear that the magistrate judge considered the plaintiff's February and March 2009 letters as presentments to HUD that would satisfy the exhaustion requirement.

The plaintiff filed two objections to the report and recommendation. First, she points to her letter of intent dated February 25, 2009 "citing all details and relief requested" and a demand letter on March 31, 2009, which describes the relief requested. She believes those letters should satisfy the requirement of an administrative claim presentment. Second, the plaintiff takes issue with the magistrate judge's statement that the plaintiff's complaint did not request relief. It appears that the plaintiff believed that writing "$685,000.00" on the civil cover sheet was sufficient, but she also asks for an opportunity to correct the mistake, as she is acting *pro se*.

II.

Objections to a report and recommendation are reviewed *de novo*: "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If a party fails to file objections to the report and recommendation, then he or she waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The failure to object to the magistrate judge's report also releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Although the plaintiff was unclear in her complaint as to the basis of her claims against the government, in her response to the defendant's motion to dismiss she confirmed that was suing under the FTCA. The FTCA "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). This bar applies to parties with counsel and to *pro se* litigants. *Ibid*. Under the FTCA, plaintiffs must present their claims to the appropriate federal agency and either receive a written notification that the claim has been finally denied or wait six months before filing a complaint. Federal law provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). The administrative claim prerequisite is a jurisdictional requirement that cannot be waived. *See Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982); *see also Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981) ("'These conditions are jurisdictional requirements, not capable of waiver or subject to estoppel.'") (citations omitted).

Under Department of Justice regulations, a claim is deemed presented for purposes of 28 U.S.C. § 2675(a) when a federal agency receives "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). A claimant presents a claim under section 2675 when he or she "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places

a value on his or her claim." *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir. 1981) (quoting *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980)). If a claimant's filing meets the *Douglas* requisites, then the presentment requirement has been satisfied, and the claimant has given the agency sufficient notice. *Conn v. United States*, 867 F.2d 916, 919 (6th Cir. 1989); *see also Martinez v. United States*, 728 F.2d 694, 696 (5th Cir. 1984) ("notice of the skeletal facts of the claim [is] sufficient to enable the agency to investigate"); *Williams v. United States*, 693 F.2d 555, 557 (5th Cir. 1982) ("no particular form or manner of giving such notice is required as long as the agency is somehow informed of the fact of and amount of the claim").

If a plaintiff fails to exhaust his or her administrative remedies before filing a suit, then the court lacks subject matter jurisdiction and cannot proceed; this is true even if the plaintiff fulfills the requirements of exhaustion after filing suit and before the litigation substantially has progressed. *McNeil*, 508 U.S. at 112. In *McNeil*, the Supreme Court reasoned that Congress unambiguously required exhaustion *before* the complaint is filed to ease administrative burdens and control litigation costs. The Court explained:

> Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

*Id*. at 112.

The magistrate judge failed to consider whether the plaintiff's March 2009 demand letter or her February 2009 letter of intent amounted to a "claim presentment." These letters should have been discussed, since they satisfy the *Douglas* test. They gave HUD sufficient notice to investigate

the claims of house damage, physical illnesses, hospitalizations, and other damages; and the March letter placed a value on the claim.

However, even though those letters present a claim, they do not satisfy the administrative exhaustion requirement because the plaintiff filed here lawsuit too soon. There is no written record of HUD denying the plaintiff's claims within six months of the commencement of the present lawsuit on June 22, 2009, as is required by 28 U.S.C. § 2675(a). Certainly, much more than six months now have elapsed since the February 2009 letter, and the plaintiff requests that the Court simply postpone the action without dismissing her claim. But that practical observation does not cure the jurisdictional defect. Jurisdiction must be assessed at the time the complaint is filed. *United States ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 519 (6th Cir. 2009) (stating that "the basis for a federal court's subject matter jurisdiction over an action must be apparent from the facts existing at the time the complaint is brought") (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). Under *McNeil*, the Court does not have subject matter jurisdiction over the complaint when the lawsuit is filed before an administrative claim is denied or sufficient time passes (i.e., six months) to consider it denied. Neither of those events occurred here; therefore, the case must be dismissed without prejudice. *McNeil*, 508 U.S. at 112.

### III.

The plaintiff has not complied with the pre-suit requirements of the Federal Tort Claims Act, which are necessary to invoke this Court's jurisdiction to adjudicate a citizen's complaint against the federal government. Therefore, the Court must find that it has no subject matter jurisdiction over the action.

Accordingly, it is **ORDERED** that the magistrate judge's recommendation [dkt #7] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections to the report and recommendation [dkt #8] are **OVERRULED**.

It is further **ORDERED** that the defendant's motion to dismiss [dkt #5] is **GRANTED**, and the complaint is **DISMISSED without prejudice**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 29, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 29, 2010.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO